**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROCHELLE DANIEL,

        Plaintiff,                   Case Number: 01-73552

v.                                      JUDGE PAUL D. BORMAN
                                           UNITED STATES DISTRICT COURT

TRANS UNION CONSUMER REPORTING
AGENCY (CRA),

        Defendant.
_____/

## ORDER DENYING PLAINTIFF ROCHELLE DANIEL'S MOTION TO SET ASIDE SETTLEMENT AGREEMENT (DOCK. NO. 99)

Now before the Court is Plaintiff Rochelle Daniel's Motion to Set Aside Settlement Agreement. Plaintiff filed the instant motion on June 6, 2006. Defendant filed its Response on June 30, 2006. Plaintiff filed her Reply on July 7, 2006, and a Second Reply on July 10, 2006. Having considered the entire record, and for the reasons that follow, the Court DENIES Plaintiff's Motion to Set Aside Settlement Agreement.

With the assistance of Judge Victoria A. Roberts, the parties settled the above-referenced matter on October 26, 2004, the first day of trial. (Order 1-2, Dock. No. 90, 12/21/2004). The parties memorialized their agreement in writing in a Confidential Settlement and Release. (*Id*. at 2).

On October 28, 2004, Plaintiff filed a Motion to Set Aside Settlement Agreement. On November 1, 2004, Plaintiff filed an Amended Motion to Set Aside Settlement Agreement. Plaintiff's moved in her Amended Motion to set aside the agreement on the ground that she had

1

second thoughts as to the merit and value of the agreement and that opposing counsel coerced her into settling.  (*Id*. at 2-3).   The Court denied Plaintiff's Amended Motion to Set Aside Settlement Agreement on December 21, 2004.

Plaintiff now moves to set aside the agreement based on fraud and misrepresentation, pursuant to Federal Rule of Civil Procedure 60(b)(3), a different basis than Plaintiff's November 1, 2004 Amended Motion to Set Aside Settlement Agreement.

Federal Rule of Civil Procedure 60(b) states:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . . . *The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.* A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. *This rule does not limit the power of a court . . . to set aside a judgment for fraud upon the court*.

(emphasis added).  As Plaintiff's motion is more than a year after the judgment, order, or proceeding was entered, the Court finds Plaintiff's claim of fraud by an adverse party is time-barred.

Alternatively, the Court recognizes that Plaintiff attempts to make a "fraud upon the court argument."  Though this argument is not obvious in Plaintiff's motion, but Plaintiff more clearly makes the argument in her Reply brief.

Even assuming that Plaintiff properly made a "fraud upon the court" argument, the Court denies Plaintiff's motion.  A claim of fraud upon the court is not subject to the time limitations of Fed. R. Civ. P. 60(b).  Fraud upon the court consists of conduct:

> (1) On the part of an officer of the court;
> (2) That is directed to the 'judicial machinery' itself;
> (3) That is intentionally false, wilfully blind to the truth, or is reckless disregard for the truth;
> (4) That is a positive averment or is concealment when one is under a duty to disclose;
> (5) That deceives the court.

*Workman v. Bell*, 245 F.3d 849, 852 (6th Cir. 2001).

Plaintiff's argument is that Defendant's attorney produced perjured testimony. Plaintiff supports her argument by stating that had defense counsel revealed the truth to Judge Roberts, she would have known that the settlement was not fair and just, and did not include punitive damages. Plaintiff contends that defense counsel: (1) omitted material information and knowingly permitted a settlement to be based on a false assumption; (2) made misleading statements in order to reach a favorable agreement; (3) misrepresented the facts to validate its offer; and (4) failed to disclose material fact during negotiations, which would have resulted in a realistic offer if revealed.

The Court finds that while Plaintiff makes claims that could amount to fraud upon the court, Plaintiff's claims are not supported by the evidence. As stated in the Court's earlier Order, Plaintiff's argument does nothing to rebut the Court's finding that Plaintiff herself had full knowledge of the damages that she allegedly suffered.

Accordingly, the Court DENIES Plaintiff's Motion to Set Aside Settlement Agreement.
**SO ORDERED.**

                                                      s/Paul D. Borman

PAUL D. BORMAN<br>UNITED STATES DISTRICT JUDGE

Dated: January 30, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 30, 2007.

s/Denise Goodine
Case Manager