**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROCHELLE DANIEL,

        Plaintiff,

                                    Case Number: 01-73552

v.

                                    JUDGE PAUL D. BORMAN

TRANS UNION CONSUMER            UNITED STATES DISTRICT COURT
REPORTING AGENCY (CRA),

        Defendant.
_____ /

### OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DOCK. NO. 109)

Now before the Court is Plaintiff Rochelle Daniel's Objection to the Court's January 30, 2007 Opinion and Order Denying Plaintiff's Motion to Set Aside Settlement Agreement. Plaintiff filed the instant motion on February 6, 2007. The Court construes Plaintiff's motion as a Motion for Reconsideration. Having considered the entire record, and for the reasons that follow, the Court DENIES Plaintiff's Motion for Reconsideration.

With the assistance of Judge Victoria A. Roberts, the parties settled the above-referenced matter on October 26, 2004, the first day of trial. (Order 1-2, Dock. No. 90, 12/21/2004). The parties placed the settlement on the record before Judge Roberts, and memorialized their agreement in writing in a Confidential Settlement and Release. (*Id*. at 2).

On October 28, 2004, Plaintiff filed a Motion to Set Aside Settlement Agreement. On November 1, 2004, Plaintiff filed an Amended Motion to Set Aside Settlement Agreement. Plaintiff moved in her Amended Motion to set aside the agreement on the ground that she had second thoughts as to the merit and value of the agreement and that opposing counsel coerced her into settling. (*Id*. at 2-3). The Court denied Plaintiff's Amended Motion to Set Aside

Settlement Agreement on December 21, 2004.  Plaintiff filed another Motion to Set Aside Settlement Agreement, based upon fraud and misrepresentation, on June 6, 2006.  The Court denied Plaintiff's motion on January 30, 2007.

Pursuant to Rule 7.1(g)(3) of the Local Rules for the Eastern District of Michigan, a motion for rehearing or reconsideration may be filed within ten days after the entry of the decision to which it objects.  *See also* Fed. R. Civ. P. 59(e) (allowing a party to file a Motion to Alter or Amend Judgment within ten days of entry of the Judgment).  A motion for reconsideration will be granted if the moving party demonstrates that the court's order contains "a palpable defect by which the court and parties have been misled," and that "correcting the defect will result in a different disposition of the case." L.R. 7.1(g)(3).  A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain.  *Marketing Displays, Inc. v. Traffix Devices, Inc*., 971 F. Supp. 262, 278 (E.D. Mich. 1997) (internal citation omitted).

After reviewing the parties submission, the Court finds that Plaintiff did not demonstrate that the Court's order contained a palpable defect and thus failed to meet her burden.

Accordingly, pursuant to L.R. 7.1(g)(3), and for the reasons stated in this Court's January 30, 2007 Opinion and Order, the Court DENIES Plaintiff's Motion for Reconsideration.  The Court further advises Plaintiff that any further frivolous filings in this Court will result in her being held in contempt and subject to money fines.

**SO ORDERED.**

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated:  February 13, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on February 13, 2007.

                                          s/Denise Goodine  
                                          Case Manager