**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROCHELLE DANIEL,

       Plaintiff,                                     CASE NO. 01-CV-73552

-vs-                                               PAUL D. BORMAN
                                                     UNITED STATES DISTRICT JUDGE

TRANS UNION CONSUMER
REPORTING AGENCY,

       Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO VACATE AND/OR EXPUNGE VOID PROCEEDING, JUDGEMENT AND ORDER FOR LACK OF JURISDICTION AND DENYING DEFENDANT'S CROSS MOTION FOR SANCTIONS

Before the Court is Plaintiff Rochelle Daniel's ("Plaintiff") May 9, 2008 Amended Motion to Vacate and/or Expunge Void Proceeding, Judgment and Order for Lack of Jurisdiction.[1] (Dkt. No. 118). Defendant Trans Union Consumer Reporting Agency ("Defendant") filed its Response and a Cross-Motion for Sanctions Awarding Reasonable Costs on May 12, 2008. (Dkt. No. 117).

**I.    Procedural History**

On October 22, 2001, Plaintiff filed a Complaint against Defendant.[2] Plaintiff alleged violations of the Fair Credit Reporting Act ("FCRA").

The action was settled on October 26, 2004 during the first day of the bench trial, with the assistance Judge Victoria A. Roberts.

---

    [1]      Plaintiff's original Motion was filed on April 25, 2008. (Dkt. No. 116).

    [2]      Plaintiff also filed an Amended Complaint on the same day.

On October 27, 2004, this Court dismissed the action pursuant to the settlement agreement. The very next day, Plaintiff filed a Motion to Set Aside the Settlement Agreement. Three days later, on November 1, 2004, Plaintiff filed an Amended Motion to Set Aside. Plaintiff contended the settlement should be set aside because she had "second thoughts as to the merit and the value of the agreement," she failed to "articulate" her damages during the settlement conference and Defendant's counsel coerced her into settling. (Dkt. No. 83 at 1-3). Defendant responded and subsequently filed a Motion for Sanctions.

On December 21, 2004, this Court denied Plaintiff's Amended Motion to Set Aside and Defendant's Motion for Sanctions holding that Defendant's counsel's conduct did not amount to coercion and Plaintiff had full knowledge of her own damages. (Dkt. No. 93).

On June 6, 2006, Plaintiff filed a second Motion to Set Aside Settlement Agreement pursuant to Federal Rule of Civil Procedure 60(b)(3) based on fraud and misrepresentation. (Dkt. No. 99). Plaintiff alleged Defendant's counsel misrepresented facts to Judge Roberts and also that there was "fraud upon the court" such that all prior court orders should be invalid. (Dkt. Nos. 99 & 106 at 2-4).

On January 30, 2007, this Court denied Plaintiff's Second Motion to Set Aside Settlement Agreement holding that: (1) the fraud by adverse party claim was time barred; and (2) the "fraud upon the court argument" was unsupported by the evidence. *See Daniels v. Trans Union Cons. Reporting Agency*, No. 01-73225, 2007 WL 313427 (Jan. 30, 2007) (unpublished).

On February 6, 2007, Plaintiff filed a motion entitled "Objection to Court's Order Denying Plaintiff's Motion to Set Aside Settlement Agreement." The Court construed the Objection as a Motion for Reconsideration and denied it on February 13, 2007. *See Daniels v. Trans Union Cons.*

*Reporting Agency*, No. 01-73225, 2007 WL 570291 (Feb. 13, 2007) (unpublished). The Court advised Plaintiff in its Order that "any further frivolous filing in this Court will result in [Plaintiff] being held in contempt and subject to money fines." *Id.* at *1.

Plaintiff appealed the Court's decision to the Sixth Circuit Court of Appeals on March 13, 2007. On April 17, 2008, the Sixth Circuit, which determined only issues arising from the Court's January 30, 2007 and February 13, 2007 orders were properly before it, affirmed the Court's orders. (Dkt. No. 115). The Sixth Circuit held Plaintiff's fraud and misrepresentation claims were time barred under Rule 60(b) and this Court did not abuse its discretion in finding there was no evidence to support Plaintiff's claim of "fraud on the court".

On May 9, 2008, Plaintiff filed the present Amended Motion to Vacate alleging the Court lacked jurisdiction.

## II. Analysis

### A. Lack of Jurisdiction

Plaintiff now challenges the Court's previous orders as void for lack of jurisdiction. The Court construes Plaintiff's present Motion to Vacate as a Motion to Set Aside a Judgment for lack of jurisdiction pursuant to Rule 60(b)(4). "A judgment is void under 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Doe v. Lexington-Fayette Urban County Gov't*, 407 F.3d 755, 761 (6th Cir. 2005) (internal quotation omitted).

Plaintiff contends the Court was without jurisdiction for the reason that Judge Roberts did not act impartially during the settlement negotiations and therefore invalidated settlement itself. (Plf. Am. Mot. at 7).

3

The Court notes that Plaintiff seeks the same relief and relies upon the same factual arguments in her present motion that were rejected by this Court in her first Motion to Vacate and Motion for Reconsideration and by the Sixth Circuit in her appeal.

Defendant argues that Plaintiff's present motion should be denied for the reason that it is duplicative, untimely and without merit. The Court agrees.

First, the Court finds that Plaintiff relies on the same factual circumstances as the previous two motions and one appeal, which this Court and the Sixth Circuit held insufficient to support her claims of coercion and fraud.

Second, the Sixth Circuit has stated that Rule 60(b)(4) "permits a collateral motion challenging a court's subject matter jurisdiction, but only if such lack of subject matter jurisdiction makes the judgment 'void.' However, we have held that such an attach is only cognizable if brought within a reasonable time." In the instant case, Plaintiff's motion has not been brought within a "reasonable time" as approximately three years has passed since the Court dismissed her claim.

Finally, the Court finds this claim without merit. Plaintiff's allegations of impropriety on behalf of Judge Roberts are not supported by the evidence and are insufficient to support the claim that this Court lacked jurisdiction. In particular, the Court notes that Judge Roberts only mediated the settlement negotiations and did not participate in putting the settlement on the record.

For these reasons the Court **DISMISSES** Plaintiff's Motion to Vacate.

**B.** **Sanctions**

Defendant has filed a cross-motion for sanctions against Plaintiff for filing a frivolous claim after being advised by the Court that such filings would result in monetary sanctions.

4

After review the Court finds that sanctions are inappropriate, however, advises the Plaintiff a second time that any further filings on this case will result in sanctions.

### III. CONCLUSION

For all these reasons the Court:

(1) **DENIES** Plaintiff's Motion to Vacate and/or Expunge Void Proceeding, Judgment and Order for Lack of Jurisdiction (Dkt. No. 118); and

(2) **DENIES** Defendant's Cross-Motion for Sanctions (Dkt. No. 117).

**SO ORDERED.**

        s/Paul D. Borman
        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

Dated: May 30, 2008

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on May 30, 2008.

        s/Denise Goodine
        Case Manager